[Cite as *In re S.N.*, 2011-Ohio-5983.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK   COUNTY

|                      |   |                              |
|----------------------|---|------------------------------|
| IN THE MATTER OF:    | : | Appellate Case No. 2011-CA-43 |
|                      | : |                              |
| S. N.                | : | Trial Court Case No. 20110139 |
|                      | : |                              |
|                      | : |                              |
|                      | : | (Juvenile Appeal from        |
|                      | : |  Common Pleas Court)         |
|                      | : |                              |
|                      | : |                              |

· · · · · · · · · ·

O P I N I O N

Rendered on the 18th day of November, 2011.

· · · · · · · · · ·

ANDREW R. PICEK, Atty. Reg. #0082121, Clark County Prosecutor's Office, 50 East Columbia Street, 4th Floor, Post Office Box 1608, Springfield, Ohio 45501
        Attorney for Plaintiff-Appellee

JAMES N. GRIFFIN, Atty. Reg. #0015917, 8 North Limestone Street, Suite D, Springfield, Ohio 45502
        Attorney for Defendant-Appellant

· · · · · · · · · · · ·

FAIN, J.

{¶ 1}   Defendant-appellant S.N. appeals from his adjudication of delinquency for Illegally Manufacturing or Processing Explosives. S.N. contends that the State failed to present evidence sufficient to support the adjudication.   We conclude that the State failed to present evidence

sufficient to support a finding that S.N. manufactured or processed an explosive. Accordingly, the judgment of the Juvenile Court is Reversed and the adjudication of delinquency by reason of violating R.C. 2923.17(B) is Vacated.

I

{¶ 2} S.N. and three other minors were arrested by the Springfield Police and charged with being delinquent by reason of Illegally Manufacturing or Processing Explosives in violation of R.C. 2923.17(B), and Inducing Panic in violation of R.C. 2917.31(A)(3). The charges stemmed from an incident at the Family Dollar store in Springfield during which, the State alleged, the boys set off two bottle bombs.

{¶ 3} Three of the juveniles – S.N., his brother W.P., and T.R. – denied the delinquency charges. At trial, the State presented testimony from two Family Dollar Store clerks, a Springfield Police Sergeant, and a Springfield Fire Department Lieutenant.

{¶ 4} Cristi Paris testified that she had been working at the Family Dollar Store on January 30, when the four juvenile boys walked into the store. She testified that the one boy (who was not a part of the trial below) attempted to purchase some spray paint, but was informed that he could not do so because he was underage. She testified that he then purchased some toilet bowl cleaner and some aluminum foil. Paris testified that the boy claimed, upon questioning, that he was making the purchase for his mother. Paris testified that W.P. purchased some candy and that S.N. and T.R. had remained in the front of the store during the transactions.

{¶ 5} Paris testified that the boys left the store together and that five or ten minutes later she observed them running. Specifically, Paris testified that she saw the boy who had purchased the toilet bowl cleaner and aluminum foil "running towards the door, throwing a bottle of stuff." She

testified that, at the same time, she observed the other three boys running toward the bank. According to Paris, the bottle that had been thrown at the front door began to expand. She testified that a patron of the store called the police, who evacuated the building while the fire department dealt with the bottle.

{¶ 6} Tina Lynch also testified. Lynch was working as assistant manager at Family Dollar on the date of the incident. Her testimony corroborated that of Paris with regard to the purchases made. However, Lynch further testified that after the boys left the store, she was in the back of the store unloading stock when she heard "a lot of laughter" coming from the area of the store's outdoor loading dock. When she looked out of the door window, she observed the four boys on the loading area. Lynch testified that she continued to carry her stock into the main area of the store when she observed Paris run out the front door of the store and tell the boys to "get away from the store and stop throwing stuff."

{¶ 7} Springfield Police Sergeant Kimberly Standley testified that when she responded to the scene she observed a plastic bottle filled with liquid. She testified that the bottle was expanding. Standley testified that she went into the store and spoke with the clerks after which she went to the back of the building where she observed "a bottle that had exploded [on the loading dock], a plastic bottle that had exploded. There was – the wind was very strong that day, and there was still little balls of aluminum foil on the loading dock area, and there was a splatter of a liquid substance on the area and on the door. There was an odor of a chemical in the air still."

{¶ 8} Standley testified that she took one of the bottles as evidence and that she concluded her investigation. As she was driving back to her office, Standley observed the four boys and sent out a radio bulletin. The boys were subsequently arrested by another officer.

{¶ 9}   Springfield Fire Department Lieutenant, Robert Smith, testified that he responded to the scene.   He testified that he is certified in the containment of hazardous materials.   Smith testified he observed the bottle expanding and decided to use "scene tape" to secure the area around the bottle.   Smith then put on protective gear and used an eight foot "pike pole" to pierce the bottle.

{¶ 10} Smith testified that in his experience a bottle bomb is made by "mixing chemicals that produce another component and gas."   He further testified that he believed that the bottle contained a "hazardous material."   However, he admitted on cross-examination that he does not have a degree in chemistry nor is he an expert in chemistry.   Smith testified that he did not test the substance in the bottle.[1]   Smith testified that combining baking soda and vinegar can "cause a gas production and it would cause the same effect inside the bottle."   Finally, Smith testified that he believed he classified the bottle as a "bomb, explosive device" on his official report.   But Smith did not testify that the bottle was, in fact, a bomb or explosive device, merely that he recorded it that way on his report.

{¶ 11} All three boys testified that they were not involved with the purchase of the toilet cleaner and aluminum foil.   They testified that the fourth boy pulled a plastic bottle out of the trash and put the bomb together.   According to the boys, they did not know it was a bottle bomb and the fourth boy merely told them that the bottle would make a loud noise.   The boys testified that they ran away after the first bottle exploded and that the fourth boy grabbed another bottle that he put together and threw at the front door of the store.

{¶ 12} Following trial, the Juvenile Court dismissed the charge of Inducing Panic, but found

---

[1] Nor is there any evidence that the substance from either bottle was tested by anyone else.

S.N. delinquent for   violating R.C. 2923.17(B).   S.N. appeals.

II

{¶ 13} The sole assignment of error asserted by S.N. is as follows:

{¶ 14} "THE STATE OF OHIO FAILED TO PROVE BEYOND A REASONABLE DOUBT THE OFFENSE OF UNLAWFUL POSSESSION OF A DANGEROUS ORDNANCE."

{¶ 15} S.N. contends that the evidence presented by the State was not sufficient to sustain the adjudication of delinquency.

{¶ 16} R.C. 2923.17(B), which proscribes illegally manufacturing or processing explosives, provides as follows:

{¶ 17} "No person shall manufacture or process an explosive at any location in this state unless the person first has been issued a license, certificate of registration, or permit to do so from a fire official of a political subdivision of this state or from the office of the fire marshal."

{¶ 18} "Explosive" is defined in R.C. 2923.11(M) as "any chemical compound, mixture, or device, the primary or common purpose of which is to function by explosion. 'Explosive' includes all materials that have been classified as division 1.1, division 1.2, division 1. 3, or division 1.4 explosives by the United States department of transportation in its regulations and includes, but is not limited to, dynamite, black powder, pellet powders, initiating explosives, blasting caps, electric blasting caps, safety fuses, fuse igniters, squibs, cordeau detonant fuses, instantaneous fuses, and igniter cords and igniters. 'Explosive' does not include 'fireworks,' as defined in section 3743.01 of the Revised Code, or any substance or material otherwise meeting the definition of explosive set forth in this section that is manufactured, sold, possessed, transported, stored, or used in any activity

described in section 3743.80 of the Revised Code, provided the activity is conducted in accordance with all applicable laws, rules, and regulations, including, but not limited to, the provisions of section 3743.80 of the Revised Code and the rules of the fire marshal adopted pursuant to section 3737.82 of the Revised Code."[2]

{¶ 19} "Fireworks" are defined as any "composition or device prepared for the purpose of producing a visible or an audible effect by combustion, deflagration, or detonation, except ordinary matches and except as provided in section 3743.80 of the Revised Code." R.C. 3743.01(F).

{¶ 20} An argument based on the sufficiency of the evidence challenges whether the State presented adequate evidence on each element of the offense to allow the case to go to the jury or to sustain the verdict as a matter of law. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 1997-Ohio-52. "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks* (1991), 61 Ohio St.3d 259, paragraph two of the syllabus, superseded by state constitutional amendment on other grounds as stated in *State v. Smith*, 80 Ohio St.3d 89, 102, 1997-Ohio-355.

{¶ 21} In this case no one, expert or otherwise, testified that the substance in the bottle constituted an explosive as defined by statute. There is nothing to indicate that toilet bowl cleaner or aluminum foil, by themselves, constitute an explosive. Nor is there any evidence in this record that combining the two products creates an explosive. It is not clear whether the ingredients must be placed in a plastic bottle, as was done here, in order to create the explosive. In short, the State

---

[2] R.C. 2923.11(M) was amended in 2008; all the cases cited by the parties involve offenses that occurred prior to the amendment.

failed to present evidence upon which to base a finding that the substance, or the substance when placed into a plastic bottle, constituted an explosive.

{¶ 22} A bottle bomb consisting of a two-liter soda pop bottle into which toilet bowl cleaner (containing hydrochloric acid) and aluminum foil were placed, when sealed and shaken, was held to constitute an explosive device, for purposes of R.C. 2923.11(H), in *In re Travis* (1996), 110 Ohio App.3d 684, 690. But in that case there was testimony in the record that the bottle could explode, and that "the explosion of such a device can cause physical harm to persons or property." Id. at 687 and 690. There was no comparable testimony in the case before us.

{¶ 23} Judicial notice can only be taken of a fact "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Evid. R. 201(B). By that standard, the explosive nature of a bottle into which toilet bowl cleaner and aluminum foil has been inserted cannot be the subject of judicial notice. Furthermore, the taking of judicial notice requires notice to the party and an opportunity to be heard. Evid. R. 201(E). S.N. was not provided with notice and an opportunity to be heard with respect to judicial notice being taken of the explosive nature of the "bottle bombs" in this case.

{¶ 24} We conclude that the State failed to present evidence sufficient to prove that S.N. manufactured or processed an explosive. S.N.'s sole assignment of error is sustained.

III

{¶ 25} S.N.'s sole assignment of error having been sustained, the judgment of the trial court is Reversed and Vacated.

. . . . . . . . . . . . .

DONOVAN and FROELICH, JJ., concur.

Copies mailed to:

Andrew R. Picek
James N. Griffin
Hon. Joseph N. Monnin